UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHUBHAM HARYANA-SANDHIR, | No. 1:26-CV-00405-DJC-SCR |
| Petitioner, | |
| v. | ORDER |
| WARDEN GOLDEN STATE ANNEX, et al., | |
| Respondents. | |

Petitioner Shubham Haryana-Sandhir, a noncitizen, filed a Petition for Writ of Habeas Corpus and an amended Motion for Temporary Restraining Order on January 1, 2026, seeking his release from immigration detention. (Pet. (ECF No. 2; Mot. (ECF No. 4).) Respondents do not oppose converting the Motion into one for a Preliminary Injunction. Considering that Petitioner also seeks a preliminary injunction (Mot. at 2), the Court therefore converts the Motion and, for the reasons explained below, DENIES the Motion for a Preliminary Injunction.

**BACKGROUND**

Petitioner, a citizen of India, entered the United States on or about October 22, 2023 at the Sumas, Washington border. (Pet. ¶¶ 12, 17.) He has resided in the United States since that time. (*Id.* ¶ 17.) Petitioner has a pending asylum case. (Mot. at 3.)

1

United States' Immigration and Customs Enforcement ("ICE") took Petitioner into custody upon crossing the border and, shortly thereafter, released him on his own recognizance.  (Pet. ¶ 18.)  Petitioner alleges that he complied with all ICE conditions, including reporting requirements, check-ins, and address updates.  (*Id.* ¶ 19.)  ICE re-detained Petitioner on July 27, 2025, during a routine check-in/encounter at the Fresno ICE office.  (*Id.* ¶ 20.)  Petitioner is being held at the Golden State Annex in McFarland, California, and has been there approximately six months.  (*Id.* ¶¶ 24.)  In his Petition, Petitioner seeks relief under the Due Process Clause of the Fifth Amendment and a bond hearing under 8 U.S.C. § 1226(a).  (*See generally* Pet.)

Respondents filed their Response to the Motion on January 22, 2026.  (Opp'n (ECF No. 10).)  Respondents assert that the Motion for a Preliminary Injunction should be denied because Petitioner was arrested by local law enforcement on July 2, 2025, and charged with the following criminal offenses: (1) conspiracy to commit a crime; (2) carrying a loaded firearm; (3) burglary; and (4) grand theft.  (Opp'n at 1; Ex. 1 (ECF No. 10-1); Ex. 2 (ECF No. 10-2).)[1]  Accordingly, Respondents assert that Petitioner is properly detained under 8 U.S.C. § 1226(c)(1)(E)(i)–(ii) on account of his criminal history.  (Opp'n at 1.)  Petitioner did not file a Reply.

## LEGAL STANDARD

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially similar."  *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  To obtain preliminary injunctive relief, Plaintiff must show (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest.  *Winter v. Nat. Res. Def.*

---

[1]  The Court grants the Government's unopposed request to take judicial notice of the "RAP Sheet Identifying Information" and immigration Form I-213, attached as Exhibits 1 and 2 to the Opposition. *See* Fed. R. Evid. 201 ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

2

*Council, Inc.*, 555 U.S. 7, 20 (2008).  "[I]f a plaintiff can only show that there are serious questions going to the merits – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied."  *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

**DISCUSSION**

Petitioner has not shown a likelihood of success on his statutory claim under 8 U.S.C. § 1226(a) because a different mandatory detention provision applies. Respondents represent that Petitioner is detained pursuant to 8 U.S.C. § 1226(c), as amended and expanded by the Laken Riley Act, Pub. L. 119-1, 139 Stat. 3 (2025).  (*See* Opp'n.)  Section 1226(c) mandates detention of any noncitizen who is: (i) inadmissible under paragraph (6)(A), (6)(C), or (7) of 8 U.S.C. § 1182(a), and (ii) is "charged with, arrested for, [ ] convicted of, admits having committed, or admits committing acts which constitute the essential elements of" certain listed theft-related offenses.  8 U.S.C. § 1226(c)(1)(E)(i)–(ii).

As to the first statutory condition, Form I-213 reflects that Petitioner entered the United States "without inspection" and was charged with violating Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i).  (Ex. 2 at 1–2.)  Paragraph (6)(A) of section 1182(a) applies to "[noncitizens] present in the United States without being admitted or paroled" or individuals who "arrive[ ] in the United States without inspection."  8 U.S.C. § 1182(a)(6)(A).  Because (6)(A) applies, the first condition is met.

As to the second statutory condition, the record also reflects that Petitioner was allegedly arrested for burglary and grand theft, in addition to other offenses, on July 2, 2025.  (*See* Exs. 1, 2.)  These charges appear to remain pending.  Petitioner does not challenge the records and failed to file a Reply.  Petitioner's alleged arrest for these qualifying theft offenses plainly triggers the application of § 1226(c)(1)(E)(ii) and satisfies the second statutory condition.

Accordingly, because Petitioner is inadmissible under 8 U.S.C. § 1182(a)(6)(A) and has been charged with a qualifying theft-related offense, his detention is mandatory under 8 U.S.C. § 1226(c).  Petitioner's detention is therefore expressly authorized by Congress.  To the extent that Petitioner seeks the relief of a bond hearing in the alternative to release, section 1226(c) provides for detention without the opportunity for bond for individuals deemed to be criminal noncitizens.  See 8 U.S.C. § 1226(c)(1).

Because Petitioner has not shown a likelihood of success in his argument that section 1226(a) applies to him, the first *Winter* factor is not met.  Thus, the Court need not consider the remaining factors.  Petitioner's Motion for a Preliminary Injunction is denied.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's Motion for a Temporary Restraining Order (ECF No. 4) is converted to a Motion for a Preliminary Injunction and hereby DENIED.  The matter is referred to the assigned Magistrate Judge for all further proceedings.

IT IS SO ORDERED.

Dated:   **January 28, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

4