UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHUBHAM HARYANA-SANDHIR
(A# 245-383-037),

        Petitioner,

    v.

WARDEN GOLDEN STATE ANNEX, et al.,

        Respondents.

No.  1:26-cv-0405 DJC SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee proceeding through counsel in this habeas corpus action pursuant to 28 U.S.C. § 2241.  For the reasons set forth below, the undersigned recommends that the petition be denied.

## I.    Factual and Procedural Background

The undersigned incorporates the factual background in District Judge Calabretta's January 28, 2026, order denying petitioner's motion for preliminary injunction.  See Haryana-Sandhir v. Warden Golden State Annex, No. 1:26-CV-00405-DJC-SCR, 2026 WL 221372, at *1 (E.D. Cal. Jan. 28, 2026).  In that order, Judge Calabretta determined that petitioner's detention was mandatory under 8 U.S.C. § 1226(c)(1)(E), as amended by the Laken Riley Act, on account of petitioner's July 2, 2025, arrest for burglary and grand theft, in addition to other offenses.

1

Haryana-Sandhir, 2026 WL 221372, at *2.  Therefore, Judge Calabretta concluded that petitioner was unlikely to succeed on his argument that his detention was governed by 8 U.S.C. § 1226(a) and referred the matter to the undersigned for all further proceedings.  Id.

On February 3, 2026, the undersigned ordered petitioner to file a brief on the merits of the § 2241 petition within 30 days that identifies "any basis for habeas relief not addressed in Judge Calabretta's order and/or explain why Judge Calabretta's order should not dictate the outcome of the merits of the § 2241 petition."  ECF No. 12.  Petitioner did not file a merits brief or otherwise responded to the order.  On April 6, 2026, the undersigned ordered petitioner to show cause, within 7 days, why the undersigned should not recommend the petition denied for the reasons laid out in Judge Calabretta's Order.  ECF No. 13.  Petitioner again failed to timely respond.

**II.    Discussion**

Accordingly, the undersigned finds that petitioner is not entitled to relief on either his statutory INA claim or due process claim and recommends the petition be denied.  Petitioner's INA claim premised on respondents' alleged denial of the procedural safeguards in 8 U.S.C. § 1226(a) (ECF No. 2 at 5, ¶¶ 32-35) is without merit because he is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E).  Petitioner satisfies both statutory conditions for the application of 8 U.S.C. § 1226(c)(1)(E) on account of his administrative charge under 8 U.S.C. § 1182(a)(6)(A)(i) and July 2025 arrest for burglary and grand theft.  See § 1226(c)(1)(E)(i)-(ii).  Moreover, petitioner's due process claim alleges arbitrary re-detention after his previous release on recognizance.  ECF No. 2 at 4-5, ¶¶ 28-31.  But as petitioner's detention is governed by 8 U.S.C. § 1226(c), he has not advanced an argument explaining why respondents were required to provide him with a pre-deprivation hearing.  See Demore v. Kim, 538 U.S. 510, 531 (upholding the constitutionality of § 1226(c) detention "for the limited period of . . . removal proceedings").

The petition's due process claim does not assert that petitioner's detention has become unconstitutionally prolonged.  The undersigned observes that since Judge Calabretta's order denying the preliminary injunction motion, petitioner's detention—which began on July 27, 2025—has crossed the six-month threshold and has now reached nearly nine months.  For this reason, the undersigned recommends that the petition be denied without prejudice subject to

2

refiling should petitioner seek to bring an as-applied challenge to his ongoing, prolonged detention.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Petitioner's application for a writ of habeas corpus be DENIED.

2.  The Clerk of the Court enter judgment in favor of respondents and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 20, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE